IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION

| | | |
|---|---|---|
| ALBERT J. TURK, M.D. and <br> SHELLEY TURK, R.N., <br><br> *Plaintiffs,* <br><br> v. <br><br> SOMERVELL COUNTY HOSPITAL <br> DISTRICT and RAY REYNOLDS, <br> INDIVIDUALLY, AND IN HIS <br> CAPACITY AS CHIEF EXECUTIVE <br> OFFICER OF GLEN ROSE <br> MEDICAL CENTER-SOMERVELL <br> COUNTY HOSPITAL DISTRICT, <br><br> *Defendants.* | § <br> § <br> § <br> § <br> § <br> § <br> § <br> § <br> § <br> § <br> § <br> § <br> § <br> § <br> § <br> § | Civil Action No. 6:15-cv-00231 |

## PLAINTIFFS' THIRD AMENDED COMPLAINT

### INTRODUCTION

1.   Plaintiffs, ALBERT J. TURK, M.D. and SHELLEY TURK, R.N., through their undersigned counsel, bring this civil action against the SOMERVELL COUNTY HOSPITAL DISTRICT and RAY REYNOLDS, Individually and in his Official Capacity (as Chief Executive Officer of Glen Rose Medical Center-Somervell County Hospital District). As described more fully below, Defendants violated Plaintiff Albert J. Turk's and Shelley Turk's constitutional right to free speech. Defendants also violated Albert J. Turk's right to due process and due course of law. Additionally, Defendants violated both Plaintiffs' right to petition the government for redress of grievances.

## PARTIES

2. Plaintiff ALBERT J. TURK, M.D. is an individual and a citizen of the State of Texas and the United States of America. He resides and is domiciled in Somervell County Texas. Plaintiff Albert J. Turk is a medical doctor licensed in the State of Texas. At all pertinent times through September 1, 2016 he has been employed by Defendant Somervell County Hospital District and by an affiliated corporation, Glen Rose Healthcare, Inc.

3. Plaintiff SHELLEY TURK, R.N. is an individual and a citizen of the State of Texas and the United States of America. She resides and is domiciled in Somervell County Texas. Plaintiff Shelley Turk is a registered nurse licensed in the State of Texas. She was formerly employed by Defendant Somervell County Hospital District.

4. Defendant SOMERVELL COUNTY HOSPITAL DISTRICT is a governmental entity doing business in both the State of Texas and the United States of America. Defendant Somervell County Hospital District maintains its principal place of business at Glen Rose Medical Center and is an entity domiciled in Somervell County. Somervell County Hospital District owns and runs the Glen Rose Medical Center. Defendant Somervell County Hospital District has answered and appeared in this lawsuit.

5. Defendant RAY REYNOLDS is an individual and a citizen of the State of Texas. His official capacity is that of Chief Executive Officer of Glen Rose Medical Center-Somervell County Hospital District. Ryan Reynolds has answered in both of his capacities and appeared in this lawsuit.

## PERSONAL JURISDICTION

6. Defendants have systemic and continuous contacts with the State of Texas. Further, Defendants have purposefully directed their activities at Plaintiffs, residents of the State of

Texas, and this civil action results from damages that arise out of or relate to those activities. Therefore, this Court has "general jurisdiction" over Defendants for all matters in which they are a party and "specific jurisdiction" over Defendants for the claims raised in this civil action. In sum, this Court has personal jurisdiction over the parties in this civil action.

## SUBJECT MATTER JURISDICTION

7. In this civil action, Plaintiffs, Albert J. Turk, M.D. and Shelley Turk, R.N., are suing Defendants, Somervell County Hospital District and Ray Reynolds, Individually and in his Official Capacity, in part under federal law - jurisdiction provided for in Section 1983 of Title 42 of the United States Code, for violating the Plaintiffs' substantive rights guaranteed them by the First Amendment Freedom of Speech clause to the United States Constitution. Plaintiff Albert J. Turk, M.D. is also suing Defendants for violation of his Fourteenth Amendment Due Process rights. Plaintiffs are also suing for violation of their federal First Amendment right to Petition the Government for Redress of Grievances. To the extent this civil action arises under federal law, this Court has subject matter jurisdiction pursuant to Section 1331 of Title 28 of the United States Code (federal question jurisdiction).

## SUMMARY OF FACTS

8. Plaintiff Albert J. Turk, M.D. is a physician working at the Glen Rose Medical Center. He is employed by Defendant Somervell County Hospital District and an affiliated corporation, Glen Rose Healthcare, Inc. He has been given a notice of non-renewal effective September 1, 2016.

9. Plaintiff Shelley Turk, R.N. is a registered nurse who was employed by Defendant Somervell County Hospital District at Glen Rose Medical Center until she was fired on June 26, 2015.

10. Plaintiffs have repeatedly spoken out about urgent matters of public interest in regard to the operation of the public hospital facility known as Glen Rose Medical Center. Their outcries were made to numerous persons and entities, starting first with a substantial history of verbal presentations to management and otherwise internally seeking corrections to unsafe and dangerous practices at Glen Rose Medical Center, as well as seeking implementation of new and better practices, especially where instances of neglect or lack of training resulted in adverse patient outcomes, including what appeared to Plaintiffs and others to be premature deaths. When the history of speaking out internally to management did not result in any substantial improvements, Plaintiffs began to make written and verbal outcries to a number of additional persons and entities, including but not limited to elected members of the Board of Trustees of the Somervell County Hospital District, the Glen Rose Medical Center Hospital Medical Staff Committee, the Texas Department of State Health Services, and the media. When the Joint Commission on Hospital Accreditation investigated Glen Rose Medical Center as a result of the report of another healthcare professional, Shelley Turk also spoke to the Joint Commission's investigator at length.

11. The issues Plaintiffs have addressed include:

- inadequate clinical training of nurses, especially in regard to patient emergencies occurring outside of the Emergency Department;
- Patient neglect, especially by floor nursing staff and management; specifically "standing by" during code blues, not providing emergency services.
- Specific adverse patient outcomes, including deaths;
- Indifference by management to ongoing patient related issues;

- Placing unqualified or inadequately oriented staff in positions of responsibility. (For example, the Glen Rose Medical Center Quality Officer is not a licensed medical professional. Another example, inexperienced nurses are at times assigned to charge nurse positions without proper orientation);
- Short staffing;
- Delays in patient care, including responses to code blue emergency situations;
- Ordering employees not to document "patient safety" issues as such; and
- Inadequate investigations, glossing over or falsely describing adverse patient related events and outcomes.

After its investigation, the Texas Department of State Health Services advised Plaintiffs in writing that, *"At least, some of your claims were validated."* The Texas Department of State Health Services as a matter of policy and practice does not advise reporting persons of its detailed findings and restricts its comments to reporting persons as alleged above.

12. The retaliation against Plaintiffs for speaking out about these and other issues escalated after Plaintiffs turned to external reporting. Plaintiffs' work environment became openly hostile. Plaintiffs have been repeatedly told that they never should have advised Somervell County Hospital District Board members or the Texas Department of State Health Services of their concerns. To give another example, in response to a verbal outcry about retaliation, Plaintiff Shelley Turk was told by the then Hospital Committee Chief of the Medical Staff that she and Dr. Turk brought the retaliation "upon themselves."

13. Prior to the May 28, 2015, meeting of the Board of Trustees of the Defendant Somervell County Hospital District agenda item was posted as follows:

"Executive Closed Session- Physician Employment Agreement

> The Somervell County Hospital District will convene in Executive Session pursuant to Section 551.074 of the Texas Government Code to discuss personnel matters related to the possible termination of an employment agreement under Glen Rose Healthcare, Inc. and pursuant to Section 551.071 of the Texas Government Code to discuss with its attorney, either in person or by telephone, the same matters and pursuant to Section 161.032 of the Texas Health and Safety Code to discuss quality of care related issues."

14.   No Defendant notified Plaintiff Jay Turk, M.D., that the posted personnel matter related to him. Despite the stealthy nature of the posting, Dr. Turk became aware of it, and inquired through counsel if the personnel item posted for consideration by the Somervell County Hospital District Board of Trustees involved that entity considering authorizing his termination. Defendants, through their counsel, ultimately admitted that the subject matter of the posted personnel item was the potential termination of Dr. Turk from his practice at Glen Rose Medical Center and loss of his job. Dr. Turk responded through his counsel specifically pursuant to Section 551.074 of the Texas Government Code, that a closed meeting was <u>not</u> allowed by this public Board of Trustees, if the subject of deliberation (in this case Dr. Turk) requested a public hearing. He also advised that he wanted any and all deliberations about personnel matters involving himself, to be held <u>only</u> in open session, and further that the agenda item involving consideration of his termination, in executive session must be <u>reposted</u> as an open session, in accordance with Texas law and his election in favor of a public hearing.

15. Further, Dr. Turk insisted, pursuant to federal Due Process and Texas Due Course of Law constitutional principles, that if his termination was to be considered by the highest policymaking officials of Defendant Somervell County Hospital District, as posted, he was entitled to constitutionally required fundamentals of due process and due course of law, including access to any alleged evidence against him with regard to the purported "quality of care" issues involving himself, an opportunity to respond to any such evidence, neutral decision-makers, an opportunity to cross-examine witnesses, and, in this case, a public proceeding.

16. Despite Dr. Turk's insistence, the Board of Trustees of the Somervell County Hospital District convened in executive session on May 28, 2015, to consider the posted personnel item, now under the guise or pretense that the matter was not a personnel matter, as posted, but instead it was only a "medical peer review." In the executive session, the Board of Trustees of the Somervell County Hospital District, only one of whom was a physician-peer, entertained statements from several physicians practicing at Glen Rose Medical Center who were known to be hostile to Dr. Turk because of his above-alleged history of patient advocacy and advocacy against unsafe and dangerous conditions at Glen Rose Medical Center. Ultimately, when the Board of Trustees of the Somervell County Hospital District returned to open session on the evening of May 28, 2015, the public announcement, based upon no public debate at all, was that the Board of Trustees would take "no action" on this item. This decision had obviously already been made in the executive session. Since that meeting, Defendant Ray Reynolds has announced in open session to the Board of Trustees of the Defendant Somervell County Hospital District, words to the effect that Dr. Turk will be leaving medical practice at Glen Rose Medical Center in the near future. For example, Defendant Reynolds said in an open Board session specifically on June 23, 2015, that Dr. Turk is "not a long-term player." Defendant Ray Reynolds has also

historically threatened in no uncertain terms to fire Dr. Turk. To give one example, in September 2014, Defendant Ray Reynolds said to Plaintiff Jay Turk words to the effect that he had *"five minutes"* to sign a new contract, *"take it or leave it."* Also, *"If you refuse to sign it, we will start the proceedings to terminate your practice here at Glen Rose Medical Center."* The contract presented to Dr. Turk with that threat of termination was substantially less advantageous financially to Dr. Turk than a previous draft contract which had been verbally presented by Defendant Reynolds to Dr. Turk. That previous draft included a substantial raise in pay for Dr. Turk, with additional time off. However, the previous draft was presented with Defendant Reynolds stating that he expected Dr. Turk would now be a *"team player."* Because Dr. Turk understood that this was a demand that he should terminate his patient advocacy and other advocacies for the benefit of the hospital and the public, Dr. Turk *did not agree that he would be a "team player" going forward.* Even during the September 2014 meeting, while Dr. Turk was being threatened, he tried to bring up his ongoing concerns about health and safety issues at Glen Rose Medical Center and his concerns about patients who had in the past suffered adverse outcomes because of poor conditions including deaths. Defendant Reynolds refused to answer Dr. Turk when he attempted to address those public health and safety concerns.

17. False reports of alleged professional misconduct have been filed by Defendants against both Nurse Turk and Dr. Turk and Donna Anderson, L.V.N. another nurse who practiced regularly with Dr. Turk, with the Texas Board of Nursing and the Texas Medical Board. Both authorities <u>rejected</u> Defendant's efforts to obtain actions against Plaintiffs' licenses and Nurse Anderson's license. The letter from the Texas Medical Board dated August 28, 2015, to Plaintiff Jay Turk, M.D. declining to take any action against his license is attached to this Third Amended Complaint, labeled **Exhibit "A"** and incorporated by reference. Plaintiffs attach and incorporate

that exhibit by reference into this Third Amended Complaint. The letter from the Texas Board of Nursing dated August 24, 2015 declining to take action against Nurse Turk's license is attached to this Third Amended Complaint, labeled **Exhibit "B"** and incorporated by reference. Plaintiffs attach and incorporate that exhibit by reference into this Third Amended Complaint. The letter in from the Texas Board of Nursing dated July 27, 2015 declining to take action against Nurse Anderson's license is attached to this Third Amended Complaint, labeled **Exhibit "C"** and incorporated by reference. Plaintiffs attach and incorporate that exhibit by reference into this Third Amended Complaint.

18.  Further, Dr. Turk has been removed from the Executive Committee of the medical staff of Glen Rose Medical Center. Further, Dr. Turk's practice was and is in substantial part carried out at the clinic affiliated with Glen Rose Medical Center, whose manager until recently was Ms. Susan Price. On numerous occasions, Manager Price, who at all pertinent times was managed by Defendant Reynolds, put pressure on the staff in the clinic not to assist either Plaintiff, and even not to talk to them. For example, on several occasions, she told clinic nurses not to talk to, *"Dr. Satan or his wife."*

19.  Despite the fact that the Emergency Department was grossly under budgeted and understaffed as compared to the Medical Surgical Unit, Shelley Turk, R.N. (who was, until June 26, 2015, the Hospital's Emergency Services Director and Trauma Coordinator), was ordered not to allow overtime work for her nursing staff. Further, Shelley Turk's staffing requests to fill Emergency Department vacancies were consistently delayed or denied. As a result, Plaintiff Shelley Turk was burdened with working the additional hours that her staff was not allowed to work due to overtime limitations. In addition, Plaintiff Shelley Turk was disciplined and threatened with termination for raising questions and concerns about the competency or

appropriateness of care rendered by visiting emergency room physicians and patient neglect by nurses from the medical surgical unit. This is despite the fact that a core requirement of Plaintiff Shelley Turk's Texas nursing license requires her to advocate fully and promptly to assure competent, safe, and appropriate patient care.

20. On June 26, 2015, Plaintiff Shelley Turk was terminated from employment based upon a trumped up charge, not related to her nursing skills or practices. Specifically, Plaintiff Shelley Turk was accused of referring to Kelly Van Zandt (the Glen Rose Medical Center Quality Director) in the medical records office on June 24, 2015, as a "camel toe and an idiot." Shelley Turk made no such comments. In fact, the only remark Shelley Turk made on that date in the medical records office, was in reference to the loud laughter of another person, Susan Price, the Clinic Administrator, whose laughter can often be overheard, echoing in the hall by many people, including patients. Plaintiff Shelley Turk said something needed to be done about that. Everyone to whom Shelley Turk was speaking on June 24, 2015, *agreed* that this was a problem that needed to be addressed.

21. Ironically, less than one month before, on May 28, 2015, in the meeting of the Board of Trustees of Somervell County Hospital District, the public was advised that Shelley Turk, R.N. had been awarded the Board President's award as the most outstanding employee of the Glen Rose Medical Center. The President of the Board of Trustees of Somervell County Hospital District, also spoke at some length at that meeting about how well the Emergency Department was providing services to the community, specifically referencing Shelley Turk's direction.

22. In 2014 and 2015, Plaintiffs Jay Turk, M.D. and Shelley Turk, R.N. presented Defendant Somervell County Hospital District, through Defendant Ray Reynolds, a series of grievances. The first grievance, dated on or about September 5, 2014, addressed an ongoing retaliatory effort

to terminate Shelley Turk after she advocated extensively for patient safety, better training especially for nurses, and other needed changes at Glen Rose Medical Center. The second grievance dated on or about January 6, 2015, addressed the retaliatory action of removing Dr. Turk from the Medical Executive Committee at Glen Rose Medical Center after he documented patient safety issues and numerous other matters of public concern. The third grievance dated on or about January 18, 2015, addressed presenting false charges of exceeding her license to practice nursing against Shelley Turk to the Texas Board of Nursing, in response to her history of advocacy. On or about September 10, 2015, Dr. Turk presented a grievance about Defendant Reynolds pressuring him to move his practice across the street to a medical suite without a treatment room. In each case, the grievance was not answered at all, or summarily rejected by Defendant Ray Reynolds. These grievances have never presented for any form of hearing to the Board of Trustees of the Defendant Somervell County Hospital District. The Trustees and the public never had a chance to hear about any of these serious and substantial grievances. Defendants Ray Reynolds and Somervell County Hospital District stopped the grievance process before its Board of Trustees, the entity vested with final authority to resolve grievances, had any opportunity to consider the grievances properly presented by Plaintiffs.

### **INCORPORATION OF THE SWORN DECLARATION OF JUSTUS PETERS, M.D.**

23.     Plaintiffs incorporate by reference into this Third Amended Complaint, the Sworn Declaration of Justus Peters, M.D. dated September 29, 2015, labeled as **Exhibit "D."** That Sworn Declaration includes attached a letter about poor conditions at Glen Rose Medical Center, signed by Dr. Turk and countersigned by Dr. Peters, who was at the time the Chief of Staff of Glen Rose Medical Center. Plaintiffs attach and incorporate that exhibit by reference into this Third Amended Complaint.

### CONTINUED RETALIATION SINCE THIS LAWSUIT WAS FILED

24. The Original Complaint in this lawsuit was filed on August 6, 2015. Since that date, the pattern of retaliation against Plaintiff Jay Turk, M.D. has continued. To give one example, Defendants have failed and refused to fully process Dr. Turk's Medicare credentialing, which has had an adverse financial impact on Dr. Turk. Dr. Turk has also been excluded from several meetings pertinent to his practice at Glen Rose Medical Center. Further, Defendant Reynolds pressured Dr. Turk to move his practice across the street to a medical suite which did not even contain a treatment room. Further, Dr. Turk's on-call schedule was changed to be as personally inconvenient as possible, including the Thanksgiving and Christmas holidays. These are just examples. Further, untrue and medically uniformed criticism of Dr. Turk's practice at Glen Rose Medical Center have been made and encouraged by Defendants, in part through persons not holding any form of medical license. Further, Dr. Turk has been non-renewed as a Physician practicing at Glen Rose Medical Center effective September 1, 2016, although he has been one of the most productive doctors practicing at Glen Rose Medical Center in terms of service to patients and generating revenue. The non- renewal of Dr. Turk was irrational and retaliatory.

### CLAIMS

### FIRST CLAIM FOR RELIEF

### (Freedom of Speech)

25. Plaintiffs incorporate by reference and re-allege paragraphs 1 through 24. As alleged above in detail, Defendants have terminated Plaintiff Shelley Turk's employment, have taken steps to terminate Albert J. Turk's employment and are still intent on terminating Dr. Turk in the near future, all in violation of the First Amendment to the United States Constitution and Title 42

USC §1983. This claim arises both directly under 42 USC §1983 and under the United States Constitution. Plaintiffs' protected speech (their numerous reports regarding patient safety concerns, and safe and efficient operations of a public hospital) motivated Defendants' imposition of the adverse personal and employment actions alleged above. The same conduct also violated the Freedom of Speech clause in the Texas Constitution, Texas Bill of Rights, Article I Section 8.

## SECOND CLAIM FOR RELIEF

### (Due Process of Law and Due Course of Law)

26. Plaintiff Albert J. Turk incorporates by reference and re-alleges paragraphs 1 through 24. As alleged above in detail, on May 28, 2015, Defendants Ray Reynolds and Somervell County Hospital District, acting under color of the authority vested in them by the State of Texas, and despite Dr. Turk's insistence on his right to due course of law and due process, took steps to terminate Albert J. Turk's employment, providing him <u>none</u> of the fundamental elements of due process, in violation of the Fourteenth Amendment to the United States Constitution and Article I Section 19 of the Texas Constitution.

## THIRD CLAIM FOR RELIEF

### (Systematically Denying Plaintiffs the Right to Petition the Government Redress for Grievances)

28. Plaintiffs incorporate by reference and re-allege paragraphs 1 through 24. As alleged above in detail, every effort of the Plaintiffs to obtain redress of their written grievances was ignored or simply rejected by Defendants. This calculated frustration of Plaintiffs' efforts to

present grievances, violates the First Amendment of the Constitution of the United States of America, as well as Article I Section 27 of the Texas Constitution.

## JURY DEMAND

29.    In accordance with Federal Rule of Civil Procedure 38, Plaintiffs, Albert J. Turk, M.D. and Shelley Turk, R.N., demand a trial by jury of all issues raised in this civil action that are triable of right (or choice) by a jury.

## DEMAND FOR JUDGMENT- PRAYER FOR RELIEF

30.    In accordance with Federal Rule of Civil Procedure 8(a), Plaintiffs make the following demand that judgment be issued in the favor of each of their claims and respectfully request that this Court:

    A.    Issue a declaratory judgment with regard to each of the above-alleged constitutional and statutory claims.

    B.    Permanently enjoin the Defendants, their agents, and those acting in concert with them from any further acts of retaliation under federal or state law.

    C.    Issue a monetary judgment for tangible damages.

    D.    Issue a monetary judgment for intangible damages.

    E.    Order Defendants to reinstate Plaintiff Shelley Turk to her former positions with all concomitant wages and benefits and seniority, or in lieu thereof, issue a monetary judgment in an amount sufficient to reimburse Plaintiff, Shelley Turk, for losses she is likely to suffer in the form of future pay and benefits and loss of seniority (reinstatement or front pay);

F.  Order Defendants to reinstate Plaintiff Albert J. Turk to his former positions with all concomitant wages and benefits and seniority, or in lieu thereof, issue a monetary judgment in an amount sufficient to reimburse Plaintiff, Albert J. Turk, for losses he is likely to suffer in the form of future pay and benefits (reinstatement or front pay);

G.  Award Plaintiffs, Albert J. Turk and Shelley J. Turk, reasonable attorneys' fees and costs;

H.  To the extent not otherwise requested herein, issue a monetary judgment in favor of Plaintiffs, Albert J. Turk and Shelley Turk, for all back pay, front pay (in lieu of reinstatement), actual damages, compensatory damages, punitive damages, exemplary damages, pre-judgment interest, post-judgment interest, attorneys' fees, and costs, to which each is entitled; and

I.  Award Plaintiffs such additional legal or equitable relief as this Court deems proper and just and to which Plaintiffs are entitled.

Respectfully submitted,

By: /s/ *John E. Schulman*
**John E. Schulman, Esq.**
State Bar No. 17833500
jschulman@schulmanlaw.com
THE SCHULMAN LAW FIRM P.C.
6440 N. Central Expressway, Suite 210
Dallas, Texas 75206
Tel: 214-361-2580
Fax: 214-361-6580

**COUNSEL FOR PLAINTIFF**

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing was served upon all counsel of record in accordance with F.R.C.P. 5(b) on the 31st day of August, 2016, as follows:

Shafeeqa Watkins Giarratani
Derek T. Rollins
Meredith Mills
Norton, Rose, Fulbright US L.L.P.
98 San Jacinto, Suite 1100
Austin, TX 78701
Tel. 512-474-5201
Fax 512-536-4598

VIA ELECTRONIC FILING

*/s/ John E. Schulman*
John E. Schulman