THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION

| ALBERT J. TURK, M.D., and | § | |
|---|---|---|
| SHELLEY TURK, R.N., | § | |
| | § | |
| Plaintiffs, | § | |
| | § | |
| v. | § | 6:15-CV-231-RP |
| | § | |
| SOMERVILLE COUNTY HOSPITAL | § | |
| DISTRICT, et al., | § | |
| | § | |
| Defendants. | § | |

## ORDER

Before the Court is Plaintiffs' Motion to Compel Responses to Requests for Admission, (Dkt. 79); Defendants' Response, (Dkt. 81); Plaintiffs' Reply, (Dkt. 83); and Defendants' Surreply, (Dkt. 85). Based on these filings, the relevant case law, and the record in this case, the Court issues the following order.

### I. BACKGROUND

Plaintiff Shelley Turk brought this action alleging that she was terminated from her position as a registered nurse at Defendant Somerville County Hospital District in retaliation for the exercise of her first amendment rights. Plaintiffs argue that the reason Defendants gave for firing her—because she used the phrase "camel toe" to describe a coworker, Kelly Van Zandt—was pretextual.

On March 7, 2017, Plaintiffs served Defendants with Plaintiffs' Requests for Admission. The first two requests for admission read as follows:

**REQUEST FOR ADMISSION NO. 1:**

Admit that Donna Anderson referred to Kelly Van Zandt using the phrase "camel toe."

**REQUEST FOR ADMISSION NO. 2:**

Admit that Donna Anderson was not disciplined for using the phrase "camel toe."

(Pls.' Mot. Compel Ex. A, Dkt. 79-1, at 4). Requests for Admission three through forty-four repeat the same two questions for more than twenty additional employees or former employees of Somerville County Hospital District.

Defendant initially responded to each of the requests matching Request For Admission No. 1 by objecting to them as "overbroad and unduly burdensome," and to each of the requests matching Requests for Admission No. 2 as "overbroad." (*Id.*). For all requests, Defendants also stated that they "deny that the individual(s) who made the decisions related to Ms. Turk's employment termination had knowledge that [the relevant employee] made any such statement." (*Id.*)

After Plaintiffs filed their motion to compel, Defendants supplemented their responses. The supplemental responses for those like Request for Admission No. 1 stated:

> **RESPONSE:** Defendants object to this request as overbroad and unduly burdensome. Defendant Ray Reynolds denies. Defendant Somervell County Hospital District ("Somervell County") does not have enough information to truthfully answer as to whether [the relevant employee] ever referred to Kelly Van Zandt using the phrase "camel toe." However, Defendant Somervell County interviewed Donna Miller, Ray Reynolds, Chip Harrison and Ladonna Green and none had heard Ms. Anderson refer to Ms. Van Zandt as a "camel toe."

(Defs.' Resp., Dkt. 81, at 4). For each request like Request for Admission No. 2, Defendants changed their response to "Admit," with an additional reference to the response to the prior request. (*Id.*). Soon afterward, Defendants filed a response to Plaintiffs' Motion to Compel, arguing that Plaintiffs' Motion should be denied because the supplemented responses provide the critical information Plaintiffs need—whether Plaintiff was subjected to differential treatment by decision-makers. (*Id.* at 8). They argued that for them to determine whether more than twenty employees ever used the phrase "camel toe" to describe Ms. Van Zandt would be unduly burdensome and not proportional to the needs of the case, particularly where, they argue, none of the employees were nearly identically situated to Ms. Turk. (*Id.* at 7–9).

2

Following this supplement and response, Plaintiffs filed a reply, arguing that Defendants' "boilerplate" use of the "overbroad" and "unduly burdensome" objections effectively waived them. (Pls.' Reply, Dkt. 83, at 3). Plaintiffs also argued that Defendants' failure to immediately object for relevance or proportionality waives those objections and that the admission is still relevant to pretext even where the other employees were not similarly situated to Ms. Turk. (*Id.* at 3–5). Finally, Defendants respond that their objections have not changed, but argue that obtaining the information Plaintiffs seek is too difficult, particularly where many of the employees have left, and of little to no relevance in this case.

## II. LEGAL STANDARD

Federal Rule of Civil Procedure 36 provides that a party may serve requests for admission regarding "any matters within the scope of Rule 26(b)(1) relating to . . . facts." Fed. R. Civ. P. 36(a)(1). Federal Rule of Civil Procedure 26(b)(1) provides that, unless otherwise limited by court order, parties

> may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.

Fed. R. Civ. P. 26(b)(1).

"If a matter is not admitted, the answer must specifically deny it or state in detail why the answering party cannot truthfully admit or deny it." Fed. R. Civ. P. 36(b)(4). "A denial must fairly respond to the substance of the matter; and when good faith requires that a party qualify an answer or deny only a part of a matter, the answer must specify the part admitted and qualify or deny the rest." *Id.* "The answering party may assert lack of knowledge or information as a reason for failing to admit or deny only if the party states that it has made reasonable inquiry and that the information it knows or can readily obtain is insufficient to enable it to admit or deny." *Id.*

3

If a party objects to a request, "[t]he grounds for objecting to a request must be stated." Fed. R. Civ. P. 36(b)(5). "Unless the court finds an objection justified, it must order that an answer be served." Fed. R. Civ. P. 36(b)(6). If "an answer does not comply with this rule, the court may order either that the matter is admitted or that an amended answer be served." *Id.*

### III. DISCUSSION

Here, Plaintiffs seek admissions from Defendants regarding whether Ms. Turk's coworkers engaged in the same name-calling for which she was allegedly fired. Defendants argue that whether others engaged in the same name-calling is not relevant if those who decided to fire Ms. Turk did not know about it; the Court disagrees. If, for example, nearly all of the coworkers engaged in the same name-calling, that fact would support an inference that those who fired Ms. Turk for name-calling knew she was not the only one who did it and that her firing on that basis was pretextual. The Court therefore disagrees with Defendants that the request is overbroad or seeks irrelevant information.

Defendants also argue that interviewing more than twenty employees about their use of the phrase "camel toe"—and then confirming their denials or admissions through additional interviews—would be unduly burdensome. While the Court agrees that it may prove too burdensome or even impossible to confirm or deny some of Plaintiffs' requests for admission, there is no indication that Defendants have made a reasonable inquiry into the matter, as required by Rule 36. It is possible that some of the employees and former employees quickly admit to using the phrase "camel toe" to describe Ms. Van Zandt when asked. In other words, some of the reponses Plaintiff seeks may be readily obtainable.

Because of the relevance of the admissions sought to Plaintiffs' claims, the importance of the first amendment rights Plaintiffs allege were violated, and the unknown burden that Defendants face

4

in determining each response, the Court finds that Plaintiffs' Motion to Compel should be **GRANTED**. (Dkt. 79).

Defendants shall supplement their responses to Plaintiffs' Requests for Admission after making a reasonable inquiry into whether each of the employees listed in the Requests for Admission used the phrase "camel toe" to refer to Ms. Van Zandt. Should Defendants not be able to contact any of the former employees included after making an attempt using their last known contact information, they need not make further inquiry and should indicate that they were unable to contact the employee in their responses. For all current employees and former employees Defendants are able to contact, Defendants should admit or deny the Request for Admission and qualify the response as needed after a reasonable inquiry with other employees.

In light of the impending dispositve motions deadline, Defendants' responses are due on or before **Monday, August 21, 2017 at 5:00 p.m.**

**SIGNED** on August 7, 2017.

_____
ROBERT PITMAN
UNITED STATES DISTRICT JUDGE